*1196 orisnoN.
Tbammell :[1]
The first question presented here is whether petitioner is entitled to deduct from gross income for the year of retirement, the unamortized discount (and premium paid) upon the retirement of certain bonds issued by a corporation which subsequently, but prior to the retirement of the bonds, became merged or consolidated into petitioner corporation.
In the case of American Gas & Electric Co., 33 B. T. A. 471, we discussed at some length previous Board decisions and court decisions on the subject of the allowance of a deduction from gross income for the year of retirement of the unamortized discount and premium paid upon the retirement of bonds. It is not necessary to further discuss those cases here. That case involved the question of the deduction of unamortized discount of bonds retired by a corporation which succeeded to the assets and liabilities of the issuing company, and we held that such successor corporation was not entitled to a deduction. This case is materially different from that case in that in this case there was a statutory consolidation *1197 under the laws of Illinois, the pertinent provisions of which statute are quoted in the margin.[2]
Under this statute the consolidated corporation becomes the owner of all the property and succeeds to all the liabilities of the component corporations by operation of law and not by purchase. See Oswego Falls Corporation, 26 B. T. A. 60; affd., 71 Fed. (2d) 673. In this case the bonds issued by the Southern Illinois Co. became by operation of law the obligations of the consolidated corporation, the petitioner herein, to the same extent as if the bonds had been issued by it. Petitioner stood in the place of the issuing corporation and it is therefore entitled to treat the unexhausted discount and premium paid upon retirement of the bonds in the same manner as like discount and premium in the case of its own bonds. We therefore hold that the petitioner is entitled to the deduction claimed for unamortized discount and premium paid on the bonds retired.
The second issue presents the question whether petitioner is entitled to deduct from gross income for the year of retirement un-exhausted bond discount, premium, and expenses incident to the retirement of its-own bond issue and that of another member of the affiliated group filing a consolidated return, where the funds used for such purposes were replaced by the proceeds o.f a new issue, or where the proceeds of the new issue were used directly to retire the prior issue.
This case does not involve the question whether a parent corporation is entitled to a deduction on account of unamortized discount on the retirement by the parent corporation of bonds issued by a subsidiary. Here, petitioner, the parent corporation, issued and *1198 redeemed its own bonds, and the subsidiary issued and redeemed its own bonds. Petitioner claims a deduction of the discount on the bonds issued and retired by it, and because of the fact that it filed a consolidated return for itself and the subsidiary, also claims a deduction for the subsidiary’s bond discount in determining the total tax liability on the basis of the consolidated return. The only point in controversy here is whether such deductions are allowable where the funds used for retirement of the bonds were replaced by proceeds from the sale of a new issue of bonds.
On brief respondent concedes that both the Board and the courts have taken a view contrary to his contention on this question, but, pending further judicial clarification, continues to urge his position.
In American Gas & Electric Co., supra, we held that a corporation which retires an outstanding issue of bonds at a callable price above par in accordance with the trust agreement is entitled to a deduction for the unexhausted discount and expense on the old bond issue and for the premium paid on retirement, even though it had borrowed money to retire the bonds and promptly repaid the amount borrowed from the proceeds of a new bond issue. And see also East Ninth Euclid Co., 26 B. T. A. 32; 27 B. T. A. 1289 (reconsideration); San Joaquin Light & Power Corporation v. McLaughlin (C. C. A., 9th Cir.), 65 Fed. (2d) 677; California-Oregon Power Co. v. Helvering (C. A. D. C.), 75 Fed. (2d) 644, affirming the Board’s memorandum opinion entered May 11, 1933; Public Service Co. v. Helvering (C. C. A., 8th Cir.), 75 Fed. (2d) 733, affirming the Board’s memorandum opinion entered October 25, 1933; and Central States Electric Corporation v. Commissioner (C. C. A., 2d Cir.), 76 Fed. (2d) 1011, affirming the Board’s memorandum opinion entered December 27, 1933.
On authority of the decisions above cited, respondent’s action on the second issue herein is revised.
Since we reach the conclusion that respondent erred in refusing to allow the deductions claimed by the petitioner, we hold, in accordance with the stipulations of the parties, that there is no deficiency due from the petitioner for either of the taxable years involved.
Reviewed' by the Board.

Judgment will be entered for petitioner.

MtiRdocK dissents.

 This decision was prepared during Mr. Trammell’s term of office.

 After setting forth the procedure for the merger or consolidation of two or more corporations into a single corporation, the statute provides:
70. Such single corporation shall thereupon and thereafter possess all the rights, privileges, immunities, powers and franchises, as well of a public as of a private nature, and all property, real, personal and mixed, and all' debts due on whatever account, as well as for stock subscriptions and all other things in action of, or belonging to, each of such corporations, and be subject to all the restrictions, liabilities and duties of each of such corporations so merged or consolidated. All property, rights, privileges, immunities, powers and franchises and all and every other inlerest shall thereafter be as effectually the property of the single corporation as they were of the several and respective merging or consolidating corporations. The title to any real estate, whether by deed or otherwise, under the laws of this state, vested in any of such corporations, shall not revert or be in any way impaired by reason of such merger or consolidation.
71. All rights of creditors and all liens upon the property of either of such merging or consolidating corporations shall be preserved unimpaired, and all debts, liabilities and duties of the respective corporations shall henceforth attach to such single corporation and may be enforced against it to the same extent as if such debts, liabilities and duties had been incurred or contracted by it. Any action by or, against one of the corporations merged or consolidated may be prosecuted to judgment as if such merger or consolidation had not taken place, or the merged or consolidated corporation may be substituted in its place. [Cahill’s Illinois Revised Statutes, Ch. 32, p. 677.]